McCttbit, j.
The defendant was the owner of a 1940 Buick automobile which he had insured against theft. ■ Claiming that this automobile was stolen on April 29, 1944, he notified the insurance company of the alleged theft and executed and filed *364 proofs of loss. On July 10, 1944, the insurance company paid him the sum of $1,100 to cover the alleged loss.
The defendant has now been convicted under four counts of an indictment charging him, in substance, with: (1) presenting false proofs of loss in support of a claim upon a policy of insurance, in violation of section 1202 of the Penal Law; (2) making and subscribing the false proofs of loss in violation of the same section; (3) grand larceny for having stolen $1,100 from the insurance company, and (4)-grand larceny for having obtained the said sum from the insurance company by false pretenses.
The People sought on the trial to establish the guilt of defendant by proof of the following circumstances: that on September 26,1944, the defendant executed- and filed with the Buffalo office of the State Bureau of Motor Vehicles, a statement that his car had been stolen but had been recovered, and that his certificate of registration had been lost; that on the same date, he signed a new registration certificate; that • on September 26, 1944, he signed, on the back of the new registration certificate, a transfer of title of said automobile to one Sam Cardello, a fictitious person; that on September 28, 1944, defendant signed the fictitious name of Sam Cardello on an application to the Motor Vehicle Bureau to have the automobile registered in the name of Sam Cardello; that on October 2, 1944, defendant appeared in Cleveland, Ohio, using the fictitious name of Sam Cardello, sold the car in question to a used car dealer and received therefor a check payable to Sam Cardello for the sum of $700; and that he endorsed the $700 check using the fictitious name of Sam Cardello and cashed the same at a Cleveland bank on the same day.
The used car dealer who was sworn as a witness on the trial, identified the defendant as the man who sold him the car' in ' Cleveland under the name of Sam Cardello^ He also identified the defendant as the man who in.his presence signed the name of Sam Cardello on the back of the $700 check given in payment for the car. The People produced and had marked for identification the motor vehicle registration forms above mentioned. A handwriting expert compared.the writings upon these forms with the admitted signatures of the defendant and testified that in his opinion the same hand which wrote the admitted signatures also wrote the name of the defendant and of Sam Cardello in each of the instances where the respective names appear upon the motor vehicle registration forms. The $700 check was introduced in evidence and the handwriting expert testified that *365 in his opinion the indorsement of the name of Sam Cardello upon that check was also written by the same hand which wrote the admitted signature of the defendant.
The defendant testified in his own behalf and denied any knowledge of the motor vehicle registration forms. He denied that he wrote either his name or the name of Sam Cardello where those names appear upon the forms. He denied that he was the person who sold the car in question to the used car dealer in Cleveland. He denied that he wrote the name of Sam Cardello on the $700 check given in payment for the car. He testified that he was not in Cleveland on October 2, 1944, and .that he had never been there. He testified that on that date he was at work in the plant of his employer, the Curtiss-Wright Corporation in Buffalo and introduced in evidence, to corroborate his statement, records kept by his employer.
The question of whether defendant was in Cleveland on October 2,1944, was sharply litigated throughout the trial. That question had an important bearing upon the entire testimony of the handwriting expert. If the defendant was not in Cleveland on October 2, 1944, the expert’s opinion that the indorsement on the $700 check was in his handwriting was erroneous. Since the expert was of the opinion that all of the disputed handwriting was made by the same hand, his testimony would have been seriously impeached if the jury found that defendant was not in Cleveland on that date.
At the close of the court’s main charge the following charge was made at the request of the district attorney: “ Any requests or exceptions f Mr. Holt: May it please the Court, I ask the Court to charge the jury that the jury need not necessarily have to find that the defendant was in Cleveland on October 2nd, 1944, in order to convict under any of these counts. They may find he was or was not. (Emphasis supplied.) The Court: I will so charge the jury. The resale of the car itself is not an element of the crime. If you find that this defendant did make a false and fraudulent representation to this company and got the money, or that he presented a false and fraudulent proof of claim, that in and of itself, that is the crime, and the fact that this car was resold either by this person or somebody else is not an element of the crime. It is something for you to take into consideration, however. Mr. Latona: Exception.”
The jury, after several hours of deliberation, returned to the courtroom and asked to have the portion of the charge above quoted read to them. It was read without amplification and three minutes later the jury reported to the court a verdict of guilty.
*366 The bare charge that defendant’s presence in Cleveland on the date in question was not an element of the crime was not enough. The charge that “ they may find he was or was not ” was misleading. It is reasonably inferable that the charge as read satisfied the mind of one or more members of the jury that ' the question of whether defendant was present in Cleveland on .October 2, 1944, had become unimportant. However, if the defendant was not in Cleveland and the expert’s opinion that he wrote the name of Sam Cardello on the check was erroneous, doubt would then be cast upon the expert’s credibility and his skill as an expert. It would be a direct attack upon the value of his opinion and tend to show that it was unreliable. “ The maxim falsus in uno falsus in omnibus applies, but with less force, to the statements of a witness which, although not intentionally false,,are in fact untrue, especially when they involve matters of judgment and skill.” (Hoag v. Wright, 174 N. Y. 36, 43.)
If the defendant was not in Cleveland the only evidence connecting him with the crime was the opinion of the handwriting expert that he wrote the signatures on the motor vehicle forms already mentioned. The uncorroborated opinion of hand writing experts based upon comparison alone has been said to be of a dangerous nature necessitating the testing of it in the most thorough manner in order to prevent injustice. (See Hoag v. Wright, 174 N. Y. 36, 43, supra; People ex rel. Hansen v. Waldo, 163 App. Div. 665.) The jury here should have been thoroughly instructed as to the consideration to be given to a possible finding that defendant was not in Cleveland, in weighing the testimony of the expert as to the disputed handwriting on the motor vehicle forms.
The motor vehicle forms on which the disputed signatures appear were marked for identification but were not introduced into evidence. As the jury was about to retire the defendant agreed that the jury might see the exhibits. The record does not disclose whether such exhibits included those marked for identification only and consequently does not disclose whether the jury had before them for inspection the disputed signatures on the motor vehicle forms.
, In any event the vital issue of defendant’s guilt or innocence rested almost entirely upon the weight to be accorded to the opinion of the expert as to the disputed writings. The charge was entirely insufficient. (See People v. Montesanto, 236 N. Y. 396, 406-407.)
The judgment of conviction should be reversed and a new trial granted.
*367 All concur, Larkin, J., not voting. Present'— Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.
Judgment of conviction reversed on the law and facts and a new trial granted.